IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Stephen D. Smith, et al.,       :

    Plaintiffs,             :

 v.                              :          Case No. 2:04-cv-0298

Pee Pee Township, et al.,       :          MAGISTRATE JUDGE KEMP

    Defendants.             :

OPINION AND ORDER

On April 19, 2004, Stephen D. Smith and Monica B. Smith filed an action against Pee Pee Township, Randall B. Thompson, Carl R. Downs, and State Farm Mutual Automobile Insurance Company based on an automobile collision that occurred on July 11, 2002. This action is now before the Court on Mr. Downs's motion for summary judgment and the Smiths's motion for partial summary judgment. For the following reasons, both motions will be denied.

I.

Summary judgment is not a substitute for a trial when facts material to the Court's ultimate resolution of the case are in dispute. It may be rendered only when appropriate evidentiary materials, as described in Fed. R. Civ. P. 56(c), demonstrate the absence of a material factual dispute and the moving party is entitled to judgment as a matter of law. See Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464 (1962). The moving party bears the burden of demonstrating that no material facts are in dispute, and the evidence submitted must be viewed in the light most favorable to the nonmoving party. See Adickes v. S.H. Kress & Co., 398 U.S. 144(1970). Additionally, the Court must draw all

1

reasonable inferences from that evidence in favor of the nonmoving party.  See United States v. Diebold, Inc., 369 U.S. 654 (1962).  The nonmoving party does have the burden, however, after completion of sufficient discovery, to submit evidence in support of any material element of a claim or defense on which that party would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

II.

The following statement of facts is taken from the complaint and motions for summary judgment.  The Smiths are citizens of West Virginia.  Defendant Pee Pee Township is a political subdivision of the State of Ohio.  Defendants Mr. Thompson and Mr. Downs are citizens of Ohio.  Defendant State Farm is an Illinois corporation with its principal place of business in Illinois.

On July 11, 2002, Mr. Smith was operating his motorcycle on U.S. Route 23 (Emmitt Avenue) in Waverly, Ohio.  His wife, plaintiff Monica Smith, was a passenger.  In Waverly, U.S. 23 is a four-lane highway with two lanes northbound and two lanes southbound.  During the relevant time, the Smiths were in the right-hand northbound lane stopped in traffic at a red light at the intersection of U.S. 23 and State Route 104.

At the same time, defendant Mr. Downs was traveling northbound on U.S. 23 in his Chevrolet Blazer, just south of where the Smiths were stopped at the traffic light.  There is a dispute as to whether Mr. Downs was driving at a speed exceeding the speed limit of 35 miles per hour.  Also at that time, defendant Mr. Thompson was traveling on an access road running perpendicular to U.S. 23 in a Dodge Ram pickup truck owned by defendant Pee Pee Township.  Mr. Thompson made a left-hand turn

onto U.S. 23 in front of Mr. Downs.  Mr. Downs's Blazer "t-boned" Mr. Thompson's pickup truck.  Mr. Thompson's pickup truck then struck the Smiths's motorcycle.  As a result of the impact, Mrs. Smith was thrown from and Mr. Smith was pinned under the motorcycle.  Both sustained injuries.  At the time of the accident, the Smiths had a policy of insurance with State Farm for underinsured motorist benefits.

On April 19, 2004, the Smiths filed the instant action against Pee Pee Township, Mr. Thompson, Mr. Downs, and State Farm seeking damages in an amount exceeding $75,000.00.  They also seek declaratory judgment to determine their rights under the State Farm policy and judgment against State Farm for any amount found to be owing to them.  It is on the basis of these facts that the motions for summary judgment will be decided.

### III.

In his motion for summary judgment, Mr. Downs argues that he is not liable to the Smiths because he did not proximately cause their injuries.  He claims that Mr. Thompson unexpectedly turned left in front of him and that he did not have time to take evasive action to avoid hitting Mr. Thompson's truck.  In response, the Smiths claim that Mr. Thompson was exceeding the speed limit at the time of the accident and that, as a result, a finding in his favor on a motion for summary judgment is not appropriate.  The Smiths also have moved for summary judgment against Mr. Thompson, claiming that the evidence reflects that Mr. Thompson was the sole proximate cause of the collision.  No responses to this motion were filed.

At the outset, the Court finds that there does not appear to be any dispute that the Smiths were stopped on their motorcycle at a traffic light and were not involved in any way in the events giving rise to the accident between Mr. Thompson and Mr. Downs. See Downs Depo. at 30; Thompson Depo. at 29.  There also does not

3

appear to be a dispute that Mr. Thompson turned left in front of Mr. Downs. In fact, at the scene of the accident, Mr. Thompson acknowledged to one of the responding officers that he had turned in front of Mr. Downs's Blazer. See Thompson Depo. at 26. Mr. Thompson was ticketed for failure to yield while turning left. See id. at 44. Thus, the issue before the Court is whether there is evidence from which a reasonable person could conclude that Mr. Downs was negligent.

To prove actionable negligence, a plaintiff must show that the defendant owed a duty of care, breached that duty, and that the breach proximately caused injury to the plaintiff. See Strother v. Hutchinson, 67 Ohio St.2d 282, 284 (1981). Regarding the duty of care, a motorist, like Mr. Downs, owes a duty to use ordinary care. See Andrews v. Davis, 140 Ohio App.3d 707, 710 (Hamilton Co. 2000).

Regarding breach of that duty, the Court begins with the premise that under Ohio law, a vehicle has the right to "proceed uninterruptedly in a lawful manner in the direction in which it . . . is moving in preference to another vehicle . . . approaching from a different direction into its . . . path." R.C. §4511.01(UU). Thus, if Mr. Downs was proceeding in a lawful manner, he had the right to proceed uninterruptedly in the same direction. With respect to a person like Mr. Thompson who intends to turn left, "[t]he operator of a vehicle . . . intending to turn to the left within an intersection . . . shall yield the right of way to any vehicle . . . approaching from the opposite direction, whenever the approaching vehicle . . . is within the intersection or so close to the intersection . . . as to constitute an immediate hazard." R.C. §4511.42(A). Thus, if Mr. Downs was proceeding in a lawful manner, he also had the right-of-way as to Mr. Thompson.

However, the right-of-way can be forfeited if a driver fails

4

to proceed in a lawful manner. See Vavrina v. Greczanik, 40 Ohio App.2d 129, 136 (Cuyahoga Co. 1974). Driving at a speed in excess of the posted speed limit is *prima facie* unlawful and may cause a driver to forfeit his right-of-way. See R.C. §4511.21(C); Vavrina, 40 Ohio App.2d at 136.

Mr. Thompson claims that although he looked for traffic before turning left onto U.S. 23, he did not see Mr. Downs's Blazer. See Thompson Depo. at 53, 60-61. Mr. Thompson and the Smiths claim that Mr. Downs was speeding. This conclusion is based on the impact of the collision. See id. at 20; Monica Smith Depo. at 23; Stephen Smith Depo. at 34. Mr. Smith alleges that his vehicle was "totaled" as a result of the impact and opines that although the speed limit was 35 miles per hour, Mr. Downs was traveling at a speed exceeding 45 miles per hour. See Stephen Smith Depo. at 25, 68. Mr. Downs denies the claim that he was speeding. Instead, he claims that because he was approaching a red light, he had his foot off the accelerator and had tapped his breaks to slow down. See Downs Depo. at 12-13, 74. He claims that he was traveling at a speed not exceeding 25 miles per hour. See id. at 12-13.

Attached as an exhibit to Mr. Thompson's deposition are photographs of Mr. Downs's Blazer and Mr. Thompson's Dodge Ram taken at the scene of the accident. The photographs show that both vehicles were damaged. However, none of the parties have submitted an expert's report explaining the extent of the damage and what kind of impact would have caused that damage. Therefore, the Court concludes that after review of the evidence and given the conflicting statements in the depositions, there is a question of fact as to whether Mr. Downs was speeding in breach of his duty of care. See Almanza v. Kohlhorst, 85 Ohio App.3d 135, 140 (Henry Co. 1992)(holding that summary judgment was not warranted when reasonable minds could differ as to whether the

defendant was speeding). The question of whether Mr. Downs's speed was reasonable is a question of fact for the jury. See Thompson v. Kerr, 51 N.E.2d 742, 753 (Ohio Ct. App. Allen Co. 1942). Therefore, Mr. Downs's motion for summary judgment will be denied.

Plaintiffs' motion for summary judgment asks the Court to find, in the alternative, that Mr. Thompson was the sole proximate cause of their injuries. Proximate cause is established "where an original act is wrongful or negligent and, in a natural and continuous sequence, produces a result which would not have taken place without the act." Strother, 67 Ohio St.2d at 287. Although Mr. Thompson's negligence does not appear to be disputed, because there is a question of fact as to whether Mr. Downs was negligent as well, and whether, if he was, his negligence contributed to the collision between his vehicle and Mr. Thompson's vehicle, the Court cannot find that Mr. Thompson's actions were the sole proximate cause of the Smiths's injuries. See, e.g., Severson v. St. Catherine of Sienna Catholic Church, 707 So. 2d 1026, 1030 (La. Ct. App. 1998)(explaining that "a motorist making left turn at an intersection will be held free of negligence when the collision results because of the oncoming vehicle's excessive speed which he could not reasonably anticipate"). Therefore, Plaintiffs' motion for summary judgment will be denied.

IV.

Based on the foregoing, Mr. Downs's motion for summary judgment (file doc. #51) and Plaintiffs' motion for partial summary judgment (file doc. #54) are DENIED.

/s/ Terence P. Kemp
United States Magistrate Judge